```
                    NITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CHRISTOPHER TROWERY, | Civil No. 12-6473 (NLH/AMD) |
| Plaintiff, | |
| v. | ORDER |
| JOAN F. O'SHEA, M.D. and ZIMMER, INC., | |
| Defendants. | |

**APPEARANCES**:

JAMES R. RADMORE
TWO PENN CENTER, SUITE 312
1500 JFK BOULEVARD
PHILADELPHIA, PA 19102
    *On behalf of plaintiff*

THOMAS M. WALSH
PARKER, MCCAY, PA
THREE GREENTREE CENTRE - SUITE 401
ROUTE 73 & GREENTREE ROAD
PO BOX 974
MARLTON, NJ 08053
    *On behalf of defendant Joan F. O'Shea, M.D.*

EDWARD J. FANNING, JR.
ZANE CHRISTIAN RIESTER
MCCARTER & ENGLISH, LLP
FOUR GATEWAY CENTER
100 MULBERRY STREET
PO BOX 652
NEWARK, NJ 07101-0652
    *On behalf of defendant Zimmer, Inc.*

**HILLMAN, District Judge**

    This matter having come before the Court on plaintiff

Christopher Trowery's motion for partial summary judgment on his

claims against defendant Zimmer, Inc.[1]; and

In his complaint, plaintiff claiming that he suffered severe injuries when defendant Joan F. O'Shea, M.D. implanted "spine trabec implex," which are screws and a plate manufactured by Zimmer, into plaintiff's spine; and

Plaintiff asserting medical negligence claims against O'Shea, and negligence and strict liability claims against Zimmer; and

Plaintiff moving for summary judgment on his claims against Zimmer, arguing that no disputed facts remain as to the defect of Zimmer's product; and

Plaintiff basing his motion on the deposition testimony of Dr. O'Shea, who "testified at length as to the Zimmer instrumentation and concluded the plate was faulty and needed to be replaced entirely as well as the rest of the screws" (Docket No. 53 at 9); and

Plaintiff contending that "[t]here is no testimony disputing the locking mechanism failed," and, therefore, the "fact is there is simply no doubt the failure of the cervical fusion and the necessity for the additional surgeries and the

---

[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

additional damages suffered by plaintiff are the result of this instrumentation failure and this failure [has] met the definitions for liability" under the New Jersey Product Liability Act (id. at 16); but

The Court noting that discovery has been ongoing in this case, and at the time plaintiff filed his motion for partial summary judgment, Zimmer had yet to take plaintiff's deposition or obtain plaintiff's medical records (see Docket No. 54); and

Zimmer arguing that plaintiff's motion was premature because plaintiff had not fulfilled his discovery obligations, which precluded Zimmer from gathering facts necessary to defend against plaintiff's claims (id.); and

The Court noting that summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a); and

The Court finding that plaintiff has not met his burden under Rule 56(a) to establish the lack of genuine issues of

material fact regarding Zimmer's liability for the alleged product defect;

    Accordingly,

    IT IS on this __24th__ day of __November__, 2014

    ORDERED that plaintiff's motion for partial summary judgment [53] is DENIED WITHOUT PREJUDICE.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |